Cite as 2025 Ark. 197

# SUPREME COURT OF ARKANSAS

**No.** CR–24–606

| | | |
|---|---|---|
| FRANK WHEELER | | **Opinion Delivered:** December 4, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR-20-240] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN R. PUTMAN, JUDGE |
| | APPELLEE | |
| | | <u>DISSENTING OPINION FROM DENIAL OF PETITION FOR REVIEW</u>. |

**RHONDA K. WOOD, Associate Justice**

I would grant the petition for review on the basis that I believe we must now allow Wheeler to raise his double jeopardy claim on appeal. After the majority's decision in *Evans v. Harrison*, 2025 Ark. 164, at 5, where it sua sponte raised a constitutional issue, how can we not allow a defendant to raise a constitutional issue on appeal?[1] Wheeler's attorney attempted to raise it prematurely at trial and later raised it on appeal. While the court of appeals was correct at the time of its opinion, I believe our court has moved the needle on

---

[1] In *Evans*, the majority held that that Ark. Code §§ 14-14-915(b)(1) and 14-14-915(b)(3) are unconstitutional even though this issue was never argued below. 2025 Ark. 164, at 5. The *Evans* majority noted that the constitutional issue was first raised on appeal at oral argument but then justified the court's consideration of the question because the parties were given the opportunity to submit supplemental briefing and present an additional oral argument. 2025 Ark. 164, at 8. This decision appears to contradict or call into question our long-held precedent that we do not consider arguments (constitutional or otherwise) that were not preserved and raised at the trial court.

issues of constitutional claim preservation. For this reason, I would grant the review and consider Wheeler's double jeopardy argument and allow our court an opportunity to clarify preservation issues.